UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                  Chapter 11
ETERON, INC.                                            Case #18-45161
                                                        Hon. Phillip J. Shefferly

               Debtor in Possession

_____/

## ORDER CONFIRMING FIRST AMENDED PLAN AND FINAL APPROVAL OF DISCLOSURE STATEMENT

The Debtor, Eteron, Inc.. filed its First Amended Combined Plan and Disclosure Statement with the court on August 20, 2018 (*Dkt. 134*). The order granting preliminary approval of the combined plan and disclosure statement was entered on August 24, 2018 (*Dkt. # 140)*. Copies of the plan and disclosure statement were transmitted to all holders of claims and interests and to the United States Trustee. Written objections were filed by creditors. The objections have been resolved and those creditors voting on the plan have accepted the Combined Plan and Disclosure Statement as amended by this Order. A hearing on confirmation was held on October 12, 2018 and was continued on October 26, 2018. All of the Court's rulings and reasons set forth on the record at those hearings are hereby incorporated in this order.

**WHEREFORE**, THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1. All requirements for confirmation of the Plan under 11 U.S.C. § 1129(b) have been satisfied.
2. The Disclosure Statement meets the requirements of Section 1125 of the Bankruptcy Code.
3. Pursuant to Fed. R. Bankr. P. 3018(a) Sterling is permitted to change its rejection to acceptance with respect to its Class 2 and Class 4 claims.
4. Pursuant to Fed. R. Bankr. P. 3018(a) Dan Hayden Sales is permitted to change its rejection to acceptance of the Plan with respect to its Class 4 claim.
5. Pursuant to Fed. R. Bankr. P. 3018(a) Nyatex is permitted to change its rejection to acceptance of the Plan with respect to its Class 4 claim.

Based upon the findings and conclusions stated above,

**IT IS ORDERED THAT**:

1. The Debtor's Combined Plan and Disclosure Statement (Docket #70), as modified by this Order, is CONFIRMED.
2. The Debtors Disclosure Statement is granted final approval.
3. Section 2.1.2. of the Plan is amended. Payment of amounts owed to the U.S. Trustee will be governed by Article IX of the Plan.
4. Section 2.1.3 shall not apply to the U.S. Trustee's office.
5. Section 5.1 of the Plan is void. Liquidating Debtor shall not receive a discharge in this case.
6. Section 7.2 of the Plan is stricken.
7. Section 8.1 of the Plan is amended to state the following: "The Debtor's Assets shall not re-vest with the Debtor and shall remain property of the Debtor's Chapter 11 Estate except as indicated in Section 2.2.4 of the Plan."
8. The obligations of the Liquidating Debtor under Section 9.1 of the Plan shall be continuing until the Effective Date or such date that the case is closed or dismissed.
9. The Administrative Claim Bar Date is inapplicable to claims that constitute Administrative Tax Claims as defined in the Plan.
10. Notwithstanding any provision of the Plan, there shall be no requirement that the Internal Revenue Service or Michigan Unemployment Insurance Agency ("UIA") file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests. Failure to pay such liabilities shall not result in a discharge, injunction, exculpation, release or limit in any other manner the United States' or State of Michigan's right or ability to collect such liability pursuant to the requirements of Title 26 or other applicable State statute. The payment of any administrative claims of the IRS and UIA shall be paid in accordance with paragraph 16 of this Order.
11. Upon failure of the debtor to make any payment due on any administrative, secured, priority, or general unsecured claim of the IRS and Dan Hayden Sales, or a failure to meet the timeframes for liquidating any asset, which failure is not cured within 30 days of the mailing of written notice of default by the IRS or response is not filed by the Liquidating Debtor requesting a hearing on the matter, the IRS may, without further order of this Court, exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim.
12. In the event of a post-confirmation conversion of this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, all property of the Debtor, Debtor-In-Possession, Successor to the Debtor or Reorganized Debtor, including all property which will revest in the Reorganized Debtor pursuant to Confirmation of the Plan, and all property acquired by the Reorganized Debtor subsequent to the Plan Confirmation shall be property of the Chapter 7 estate.

13. Upon entry of this Order, the Debtor shall file a Post-Confirmation Disbursement Report and shall continue to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) until this case has been closed by the Court or dismissed or converted to a Chapter 7 case. The Liquidating Debtor and any Successor to the Debtor will be jointly and severally liable for the payment of all quarterly fees due after the Effective Date, including all fees payable in the event that the case is reopened after it has been closed, converted, or dismissed. Fees due the United States Trustee as charges assessed against the estate under chapter 123 of Title 28 are not expenses of administration but are entitled to priority pursuant to 11 U.S.C. § 507(a)(2).

14. All U.S. Trustee fees shall be paid as of the Effective Date.

15. Section 1.2.2. shall not be applicable to the U.S. Trustee

16. All allowed administrative expense claims pursuant to 11 U.S.C. § 503 shall be paid as of the Effective Date of the Plan or as soon thereafter as funds become available, provided however that the allowed 11 U.S.C. §503(b)(9) claim of Nyatex Chemical Company and the allowed 11 U.S.C. §503(b)(1) claim of Dan Hayden Sales Agency, Inc. shall be paid in advance of any other administrative expense claims allowed pursuant to 11 U.S.C. §503 .

17. On Confirmation, the Debtor shall disburse to Old National Bank cash sufficient to satisfy "Loan A" having a principal balance of $349,402.45 plus all costs and attorney fees accrued through the date of confirmation, which was $372,690.25 as of October 1, 2018.

18. On the Effective Date or sooner to the extent funds become available, the Debtor disburse $100,000 to Sterling Commercial..

19. The mortgage loan of Old National Bank having a principal balance of $2,177,775 ("Loan B") shall be treated as a Class 4 General Unsecured Claim.

20. Old National Bank shall retain its first priority security interest in all of the Liquidating Debtor's real and personal property.

21. Old National Bank shall retain its mortgage and security interest in the real and personal property of Sakura Enterprises, Inc., including all of its' real and personal property located at 23944 Freeway Park Drive.

22. Nothing in this Order shall be construed to discharge UIA's administrative, priority and general unsecured claims. Further, nothing in this Order shall be construed to discharge the statutory authority of the State of Michigan, Unemployment Insurance Agency to determine successor tax liability including tax rate experience, tax rate and tax liability under the Michigan Employment Security Act ("MESA"). This Order, including all of its terms, provisions and exhibits, shall not waive or discharge any liability or obligations that the Debtor or any purchaser may have to the State of Michigan under the MESA.

23. John Kim, II, the sole shareholder of Debtor, shall serve as the President of the Liquidating Debtor after the Confirmation Date. Mr. Kim's appointment and continued employment as an officer of the Liquidating Debtor is consistent with the requirements of 11 U.S.C. § 1129(a)(5).

24. All professionals employed in this case shall file their final fee applications within 30 days after the Effective Date. To the extent required, attorney fees exceeding the 507(a)(4) claim of Dan Hayden Sales shall be reduced by the balance due for such claim until the 507(a)(4) claim is paid in full.

25. Eteron shall file all pre- and post-petition federal, state and UIA returns due within 30 days of the Effective Date.

26. Dan Hayden Sales shall have an allowed 507(a)(4) claim in the amount of $12,850.00. The claim shall be paid on the Effective Date to the extent funds are available for distribution and shall be paid in accordance with the priority set forth in 11 U.S.C. § 507.

27. Section 2.2.1 is amended to state that the claim of the IRS shall be paid on the Effective Date to the extent funds are available for distribution.

28. Objections to claims set forth in § 11.1 of the Plan shall be filed within 60 days after the Effective Date.

29. Article 4.5 of the Plan shall be amended to require that any professional performing services on behalf of the Debtor or Liquidating Debtor provide Dan Hayden Sales Agency, Inc. and Nyatex Chemical Company with notice of, and a five day opportunity to object to, any fees and expenses such professional incurs for services performed from and after the Effective Date. To the extent that Dan Hayden Sales, Inc. and/or Nyatex Chemical Company object to such fees and expenses, and the parties are unable to resolve such objection, the professional seeking payment shall be required to file an application with the Bankruptcy Court seeking allowance of any such fees and expenses that remain in dispute.

30. Pursuant to Article 4.3 of the Plan, and upon recovery of any Chapter 5 claims, the Debtor or Liquidating Debtor shall provide a summary of the amount recovered to Dan Hayden Sales Agency, Inc. within 10 days of receipt. However, if the administrative and priority of Dan Hayden Sales Agency, Inc. are paid in full prior to the recovery of Chapter 5 claims, then the Debtor need not provide such accounting unless specifically requested.

31. The administrative claim bar date (sections 1.1.3 and 2.1.3) shall not apply to the United States.

32. Pursuant to Rule 3018, cause has been shown.

**Signed on November 15, 2018**



/s/ Phillip J. Shefferly

**Phillip J. Shefferly**
**United States Bankruptcy Judge**